J-S13042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALONZO HILL | : | |
| | : | |
| Appellant | : | No. 2307 EDA 2022 |

Appeal from the PCRA Order Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0303621-2001

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 17, 2023**

Alonzo Hill ("Appellant") appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing as untimely his second petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We glean the procedural history and pertinent facts from our independent review of the certified record.[1]  On August 18, 2003, Appellant entered a counseled guilty plea to first-degree murder, two counts of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Appeals Unit of the Philadelphia Court of Common Pleas' Trial Division notified this Court on 10/24/22 that the case file for Defendant/Appellant Alonzo Hill is missing from its file room.  Accordingly, the Appeals Unit has prepared a reconstructed record from available documents from the Court Document Management System.  The notice advises that once the record is located, a supplemental record will be sent to this Court.  Nevertheless, the notice confirms that the record includes the docket entries and the judicial opinion for the present PCRA petition and appeal.

attempted murder, one count of kidnapping, sexual assault, arson, and conspiracy for his involvement in the 2000 shooting death of Kevin Williams and the aftermath of violence that culminated with his fatal shooting of Maurice Edwards. On the same date, Appellant was sentenced to life imprisonment and concurrent sentences. His judgment of sentence became final 30 days later, on September 17, 2003, when his time for filing a direct appeal expired. *See* § 9545(b)(3); Pa.R.A.P. 903(a).

On June 14, 2006, Appellant filed his first PCRA petition, and the PCRA court appointed counsel to represent him. On June 25, 2007, counsel filed a ***Turner/Finley***[2] no-merit letter contending that Appellant's *pro se* PCRA petition was untimely filed, and on the following day the PCRA court issued its dismissal notice under Pa.R.Crim.P. 907. On July 26, 2007, the PCRA court entered an order dismissing Appellant's PCRA petition for relief. No appeal was filed.

On March 2, 2020, Appellant filed the instant PCRA petition, his second, in which he made several assertions. First, he asserted "facts [he knows] to be true of his own personal knowledge" that he was "the person that was forced and coerced into Plea[ding] Guilty to a murder I did not commit. But ADA Roger King when he new [sic] I was in Vermont at the time of the crime." PCRA Petition, 3/2/20, at p.4 ¶¶ 6(A); p.8 ¶15.

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's petition also claimed there were facts made known to him by means other than his own personal knowledge, namely, through his recent use of the prison library and reading the Philadelphia Daily News, that constituted what he termed "newly discovered evidence" of "prosecutorial misconduct, in that Roger King suppressed evidence[,]" and that he intended to seek withdrawal of his guilty plea on such facts. *Id.* at p. 4 ¶ 6(B) and (C). Finally, the petition asked the PCRA court to consider the following argument, "I was coerced by Roger King, as well there are new newspaper work that came out 2019 on Roger King. And new by [sic] FBI paperwork show I was in Vermont at the time of the crime. Which Roger King was told this. And he still falsely accused me for the crime." *Id.* at p.8 ¶ 15.[3]

On April 7, 2022, the PCRA court issued Rule 907 Notice of Intent to Dismiss Appellant's second petition because it was patently untimely and did not invoke an exception to the timeliness provision of the PCRA found at § 9545(b)(1)(i)-(iii). Acting under an apparent assumption that he was entitled to continued representation by counsel from his first PCRA action,[4] Appellant

---

[3] Neither the referenced newspaper articles nor any FBI paperwork was attached to Appellant's May 2, 2020, petition.

[4] A petitioner is generally not entitled to court-appointed counsel on a second or subsequent PCRA petition. *See Commonwealth v. Priovolos*, 746 A.2d 621, 624 (Pa. Super. 2000) (although first-time PCRA petitioner is entitled to appointment of counsel, there is no such entitlement on second and subsequent petitions). *But see* Pa.R.Crim.P. 904(D) (providing rule-based entitlement to counsel on a second or subsequent PCRA petition when an evidentiary hearing is required as provided in Rule 908) and Rule 904(E)
*(Footnote Continued Next Page)*

filed a response complaining that the PCRA court had not informed him why it had issued a notice to dismiss instead of a *Finley* letter. Appellant's Response filed 4/19/22. On August 16, 2022, the PCRA Court entered an order dismissing his second PCRA petition and notifying him of his appeal rights. This timely appeal followed.

In Appellant's *pro se* brief, he asks whether the PCRA court erroneously dismissed his untimely petition when, he maintains, the petition qualified for an exception to the PCRA's one-year time-bar. In support of this issue, however, Appellant offers only a single, conclusory statement that his petition

---

(judge shall appoint counsel whenever the interests of justice require it). We find no error with the PCRA court's application of the general rule in the case *sub judice*.

Nevertheless, Appellant has raised in his brief the apparent claim that appointed counsel who represented him in his first PCRA action in 2007 has provided ineffective assistance of counsel and/or abandoned him in the present PCRA action by failing to either act in reply to correspondence he sent to her in relation to the present petition or file a *Turner/Finley* notice of withdrawal from representation. *See* Brief for Appellant at 6. Appellant's claim affords him no relief.

In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), a decision Appellant cites as supportive of his claim, our Supreme Court held that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant until the appeal. *Bradley*, 261 A.3d at 401-05. In contrast to the operative facts in *Bradley*, however, Appellant filed no appeal from the denial of his first PCRA petition in which appointed counsel represented him, nor has he been represented by any counsel in this, his second, PCRA petition. Accordingly, *Bradley* is inapposite to his case, and his claim of ineffective assistance of counsel fails.

- 4 -

is reviewable under the Newly Discovered Fact Exception at Section 9545(b)(1)(ii). Brief of Appellant at 2. Moreover, in his reply brief,[5] he expands on his position with the lone assertion, "on 3/1/2020, Appellant filed a post-conviction [sic] alleging Newly Discovered Evidence in the form of newspaper articles in addition to federal documents that indicate Appellant was not in the city when the murder occurred. *See* Exhibit "B"." Reply Brief at 4 (unpaginated).

Exhibit B of Appellant's reply brief consists of a photocopied segment of an unattributed and undated newspaper article reporting that police obtained arrest warrants for Appellant in connection with the death of Maurice Edwards and that Appellant "also is under federal investigation for running a drug trafficking ring with connections to Vermont, police said." Appellant's Reply Brief, Exhibit B. Relatedly, Appellant avers that Exhibit A of the reply brief shows that he submitted to prior counsel in 2021 purported newly discovered evidence from the FBI indicating that he was not in Philadelphia on the day Maurice Edwards was murdered. Exhibit A consists of a Department of Corrections "Cash Slip" dated 10/29/21 upon which Appellant wrote "for my attorney information, federal information" and included the name of PCRA counsel who represented him 14 years earlier.

The Commonwealth responds that neither the referenced newspaper articles alluding to ADA Roger King's misconduct in other cases nor the yet to

---

[5] We grant Appellant's April 13, 2023, Application for Extension of Time to File a Reply Brief.

be revealed FBI paperwork supposedly offering exculpatory proof of his whereabouts on the day of Maurice Edwards' murder was ever attached to Appellant's second PCRA petition or submitted to the PCRA court prior to the court's order dismissing the petition. Likewise, the Commonwealth asserts that Appellant failed to allege either in his petition or appellate briefs any "new fact" about how he was allegedly coerced or forced to plead guilty while represented by counsel during plea negotiations.[6]

Initially, we address the adequacy of Appellant's briefs. Appellate briefs must conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. Where an appellant's brief contains substantial defects, we may quash or dismiss the appeal. *Commonwealth v. Adams*, 882 A.2d 496, 497-98 (Pa. Super. 2005) (citation omitted).

"Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted).

---

[6] The record contains Appellant's March 21, 2001, Written Guilty Plea Colloquy that both he and his counsel signed. In it, Appellant represented that nobody had threatened or forced him to plead guilty.

"[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Id.*** (citations omitted); ***see also*** Pa.R.A.P. 2119(a)-(c). As such, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).

However, because we can discern the crux of one argument offered in support of Appellant's "newly discovered fact" exception-based challenge, we decline to quash the present appeal because of briefing deficiencies. Specifically, we review Appellant's contention that newspaper articles regarding ADA Roger King's prosecutorial misconduct in other cases supplies a "new fact" enabling Appellant to claim an exception to the time-bar under Section 9545(b)(1)(ii).[7]

---

[7] With respect to Appellant's remaining issues, we find he has waived them for his failure to develop them sufficiently to permit meaningful appellate review. ***See Hardy***, 918 A.2d at 771 ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ... [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Even if we did not find such claims waived for briefing deficiencies, we would find they fail to establish that Appellant provided predicate "newly discovered"
*(Footnote Continued Next Page)*

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. **Id**.

---

facts in his petition. For example, in Appellant's petition, he states in the most general terms that ADA King "coerced and forced" him to plead guilty. This claim as stated, however, necessarily implies that the alleged fact of ADA King's "coercion and force" were known to Appellant prior to his guilty plea and, thus, are not newly discovered.

The same is true of Appellant's claim that he presents new facts—namely, the newspaper article attached in Exhibit "B" of his brief—that indicate he was in Vermont on the day Maurice Edwards was murdered in Philadelphia. Setting aside that the attached article does not address Appellant's whereabouts on the day of the murder but, instead, reports only that he was under federal investigation for running a drug trafficking ring with connections to Vermont, the most that can be said of the article is that it is a newly-discovered source of a "fact" that Appellant would be presumed to have known all along: his own whereabouts on the day of the murder.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pleaded in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pleaded and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Appellant's judgment of sentence became final on September 17, 2003. Therefore, he had until Friday, September 17, 2004, to file a timely petition. Because he filed the petition at issue in 2020, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Appellant argues that his petition comes under the newly discovered facts exception at Section 9545(b)(1)(ii) to the jurisdictional time-bar. This exception

> "renders a petition timely when the petitioner establishes that ['the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" **Commonwealth v. Small**, 238 A.3d 1267, 1271 (Pa. 2020) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" **Id.** at 1282 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." **Id.** (citation omitted).

**Commonwealth v. Trivigno**, 262 A.3d 472, at *3 (Pa. Super. filed Aug. 6, 2021).[8]

Under the newly discovered facts exception, the focus is "on [the] newly discovered *facts*, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004) (emphasis in original). Similarly, in the context of media reports

---

[8] Rule 126(b) of the Pennsylvania Rules of Appellate Procedure provides:

> (1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 ...

> (2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

Pa.R.A.P. 126(b) (effective May 1, 2019).

offered under the exception, our decisional law instructs that it is not the source of the facts, *e.g.*, a press release or a newspaper article, but, rather, the information contained in those media sources which may satisfy the exception. ***Commonwealth v. Chmiel***, 173 A.3d 617, 628 (Pa. 2017) (observing, "facts are not what a reader gleans from media reports or newspaper articles but, instead, facts are the substantive events . . . which prompted the report by the media.").[9]

Applying such precedent, this Court has recognized that when a newspaper reports on admissions or conclusive findings of wrongdoing in other criminal cases committed by a law enforcement officer or prosecutor who also was involved in the petitioner's case, the petitioner still must demonstrate that such wrongdoing may be linked to his case. ***Trivigno***, 262 A.3d 472 at *4 (discussing ***Chmiel*** ).[10]

_____

[9] In ***Chmiel***, the appellant asserted that his conviction and death sentence relied heavily on a Commonwealth forensic expert's presentation of an FBI-approved method of microscopic hair analysis that the FBI subsequently rejected publicly for the first time, through a new press release, as erroneous in the vast majority of cases. Recognizing his PCRA petition was untimely, petitioner Chmiel relied upon the timeliness exception for newly discovered facts under Section 9545(b)(1)(ii). Our Supreme Court acknowledged that the newly discovered facts consisted not of the press release and Washington Post article in and of themselves, but of the FBI's public admission "that the testimony and statements provided by its analysts about microscopic hair comparison analysis were erroneous in the vast majority of cases" and that "the FBI had trained many state and local analysts to provide the same scientifically flawed opinions in state criminal trials." ***Id.*** at 625.

[10] To link the newly discovered fact to his case, petitioner Chmiel asserted in his petition that the Pennsylvania State Police expert who presented the
*(Footnote Continued Next Page)*

For example, in *Trivigno*, the petitioner offered as a newly discovered fact a newspaper article concerning improper investigatory methods of a detective who had worked on his case. The article, however, did not mention or relate to petitioner's case, as it described ongoing investigations into misconduct committed by the detective in other cases. Distinguishing petitioner Trivigno's case from *Chmiel*, we observed:

> [Here,] [a]lthough the newspaper article reports instances of alleged misconduct by [the subject detective] in his investigation of other criminal cases, the newspaper article, unlike the FBI press release in *Chmiel*, does not specifically cite any admissions or conclusive findings of wrongdoing by [the detective] that may be linked to Appellant's case. *Id*. ... Therefore, Appellant failed to demonstrate that the newspaper article contained a fact that triggered the newly-discovered facts exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii).

*Trivigno*, 262 A.3d at *4 (citation omitted).

In Appellant's PCRA petition, he alleged that the newly discovered facts upon which he sought PCRA review consisted of newspaper articles addressing instances of prosecutorial misconduct committed by ADA Roger King in other cases. Nowhere in either his petition or appellate briefs, however, are the articles identified, attached as exhibits, or described with any specificity, nor does he explain how the other cases and conduct described therein are connected to his case.

---

forensic hair analysis results and provided expert testimony on the reliability of the process had been trained by the FBI and "provided the same scientifically unsupportable testimony that the FBI now disclaims." *Id.* at 623.

Therefore, Appellant has failed to plead and prove that the referenced newspaper articles regarding ADA King's prosecutorial misconduct in other cases contained a fact that triggered the newly discovered facts exception to support the present petition. Accordingly, we discern no error with the Order denying Appellant relief under his untimely second PCRA petition.

Order affirmed. Appellant's Application for Extension of Time to File a Reply Brief is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2023

- 13 -